FILED
IN OPEN COURT
DEC 19 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13-CR-499 |
| v. | ) | |
| | ) | Counts 1-2: Making False Statements |
| GEORGE MARK JADUE, | ) | (18 U.S.C. § 1001(a)) |
| | ) | |
| | ) | Count 3: Obstruction of Justice |
| Defendant. | ) | (18 U.S.C. § 1512(c)) |
| | ) | |
| | ) | The Honorable Anthony J. Trenga |

# INDICTMENT

December 2013 — at Alexandria

## General Allegations

THE GRAND JURY CHARGES THAT:

1. In 2002, the defendant GEORGE MARK JADUE ("JADUE") became a Special Agent for United States Department of State, Bureau of Diplomatic Security ("DS").

2. In his role as a DS Special Agent JADUE was a law enforcement officer and had law enforcement privileges. As a DS Special Agent JADUE was responsible for, among other things, conducting investigations related to U.S. passport and visa fraud, conducting background investigations of other U.S. Department of State employees, and, when stationed outside the United States, acting as a Regional Security Officer for U.S. Embassies and Consulates.

3. As a DS Special Agent, JADUE received a Top Secret security clearance and was required to complete a background questionnaire, Standard Form 86 – Questionnaire for National Security Positions ("SF-86"), and submit to a background investigation, including a

personal interview. Additionally, JADUE was required to periodically renew his security clearance, complete a new SF-86, and submit to a new background investigation.

4. While a federal law enforcement official and a DS Special Agent since 1997, JADUE completed multiple SF-86s on or about the following dates: October 22, 1997; December 11, 1997; July 30, 2000; March 15, 2006; and August 4, 2011. On or about August 4, 2011, JADUE electronically submitted his SF-86 to DS offices in Arlington, Virginia, within the Eastern District of Virginia.

5. JADUE is a dual citizen of both the United States and the Republic of Chile. In or around January 2005, JADUE traveled to Chile and on or about January 5, 2005, the Chilean Government issued JADUE a Chilean Passport. JADUE's Chilean Passport was valid beginning from January 5, 2005, through January 5, 2010. Beginning in or around June 2010 through in or around February 2011, JADUE corresponded with the Chilean Consulate in Miami, Florida related to obtaining Chilean citizenship for two of his minor children.

6. On all SF-86s JADUE completed, including those completed on or about March 15, 2006, and on or about August 4, 2011, JADUE denied being a Chilean citizen, having a foreign passport, and having contacts with any foreign government.

7. On or about May 16, 2013, two DS Special Agents, the case agent (hereinafter "DS Case Agent") and the DS Case Agent's supervisor, interviewed JADUE related to his alleged failure to disclose his Chilean citizenship on his prior SF-86s. At that meeting, the DS Special Agents informed JADUE that all of his law enforcement privileges had been suspended.

Count 1

(False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

8. The contents of Paragraphs 1 – 7 of the Indictment are realleged and incorporated herein by reference, as though set forth in full herein.

9. On or about August 4, 2011, in Arlington, Virginia, in the Eastern District of Virginia, JADUE did knowingly, willfully, and unlawfully make material false and fraudulent statements and representations and a false writing or document, knowing the writing or document to contain materially false statements in a matter within the jurisdiction of the executive branch of the Government of the United States. In specific, on government form SF-86 JADUE denied:

A. EVER holding dual/multiple citizenship;

B. EVER being issued a passport (or identity card for travel) by a country other than the U.S.;

C. In the past 7 years, he or any member of his immediate family having any contact with a foreign government, its establishment (such as an embassy or consulate) or its representatives, whether inside or outside the U.S.; and

D. Traveling to Chile in 2005.

The statements and representations specified above were material to JADUE's security clearance as a DS Special Agent. They were false, in that, as JADUE well knew:

A. JADUE was/is a dual citizen of the United States and the Republic of Chile;

B. JADUE was issued a Chilean passport in or around January 2005;

C. JADUE corresponded with the Chilean Consulate in Miami, Florida related to obtaining Chilean citizenship for two of his minor children beginning in or around June 2010 through in or around February 2011; and

D. JADUE traveled to Chile in or around January 2005.

(In violation of Title 18, United States Code, Section 1001(a).)

## Count 2

(False Statements)

THE GRAND JURY FURTHER CHARGES THAT:

10. The contents of Paragraphs 1 – 7 of the Indictment are realleged and incorporated herein by reference, as though set forth in full herein.

11. On or about May 16, 2013, in Arlington, Virginia, in the Eastern District of Virginia, JADUE did knowingly, willfully, and unlawfully make a material false and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States. In specific, JADUE stated to DS Agents:

> At the time he completed SF-86s prior to the one completed on or about August 4, 2011, he had no knowledge that he was a dual citizen;

The statement and representation specified above was material to JADUE's security clearance as a DS Special Agent. The statement and representation was false, in that, as JADUE well knew:

> He was a dual citizen when he completed an SF-86 on or about JADUE traveled to Chile in January 2005 and was issued a Chilean passport on or about March 15, 2006.

(In violation of Title 18, United States Code, Section 1001(a).)

Count 3

(Obstruction of Justice)

THE GRAND JURY FURTHER CHARGES THAT:

12. The contents of Paragraphs 1 – 7 of the Indictment are realleged and incorporated herein by reference, as though set forth in full herein.

13. On or about July 29, 2013, within the Eastern District of Virginia and the Eastern District of Louisiana, JADUE, did unlawfully, knowingly, and corruptly attempt to obstruct, impede, and influence an official proceeding in the United States District Court for the Eastern District of Virginia, to wit, JADUE contacted the Fraud Prevention Manager of the New Orleans Passport Center, a person with whom JADUE had worked in conducting visa fraud investigations, and asked the individual to pull sensitive passport information related to the DS Case Agent and the DS Case Agent's parents. At the time JADUE made the request, he knew that his law enforcement privileges were suspended and that he had no right or need to request or receive the information.

(In violation of Title 18, United States Code, Section 1512(c).)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

FOREPERSON OF THE GRAND JURY

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

BY:
William P. Jauquet
Special Assistant United States Attorney

Gene Rossi
Assistant United States Attorney