IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| v. | ) | Crim. No. 1:13cr499 |
| | ) | The Hon. Anthony Trenga |
| GEORGE JADUE, Defendant. | ) | |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF RULE 29 MOTION

Comes now Defendant George Jadue, by counsel, and submits the following in support of his motion to dismiss Count 3 of the Indictment.

There does not appear to exist any published decision directly addressing the issue as to whether an indictment for "corruptly attempting" to influence a proceeding describes an offense.

The decisions proffered by the Government are inapposite to the Court's inquiry. The Government offers *United States v. Williams,* 152 F. 3d 294 (4th Cir. 1998), a decision addressing whether an indictment for "possessing" a firearm during the commission of a drug crime suffices as a statement of an offense under Sec. 924( c ) which proscribes "using or carrying" a firearm during a drug crime. Noting that indictments challenged after a verdict are entitled to "indulgence of every intendment," the Fourth Circuit affirmed the conviction. *United States v. Sutton*, 961 F. 2d 476 (4th Cir. 1992), merely extended the same indulgence to a conviction for attempted possession of marijuana – parsing whether inspecting the drugs and agreeing on terms of purchase could constitute an attempt to possess with intent to distribute. *United States v. Vogt,* 910 F. 2d 1184 (4th 1990), hit a little closer to home as it involved a prosecution for conspiracy to "impair, obstruct or defeat" the IRS, but did not involve an attempt charge. *United States v. Holness*, 706 F. 3d 579 (4th Cir. 2013), merely notes in a footnote that

the indictment in that case charged "corruptly attempting to obstruct" a proceeding. However, the decision addressed Fifth and Sixth Amendment considerations in the use of jail house snitches and includes no discussion of the sufficiency of that indictment and, as such, provides no edification.

The question propounded by the Court is whether and indictment for "corruptly attempting" to influence a proceeding states an offense under 18 USC Sec. 1512(c)(2) which proscribes attempting corruptly to proscribe a proceeding, but says nothing about a "corrupt attempt to accomplish a permissible objective. (The Government concedes that an accused is entitled to influence his own prosecution – albeit not corruptly - and has conceded that it would not have indicted had Defendant attempted legitimate means to effect such influence. Defendant is charged with attempting to access a restricted database to glean information pertinent to his case. The information sought may well have been available through public sources.)

The lack of decision on whether one can corruptly attempt something permissible augurs against the sufficiency of the indictment. Courts simply have not considered cases wherein sanctionable steps within an otherwise permissible scheme are charged as a subset of the scheme as opposed to on their own merits. A man who uses a stolen car to run down an assailant is charged with car theft, not corruptly attempting to strike his victim.

*United States v. Bashaw*, 982 F 2d 168 (6th Cir. 1992), offers support by analogy for the proposition that one cannot be charged with corruptly attempting a permissible action by finding that a corrupt attempt cannot support a conviction if the impermissible end is impossible. Mr. Bashaw threatened a juror – after the verdict.

Approached from a different angle, Defendant Jadue simply lacked the mens rea corruptly to influence as he was entitled to try to influence his own case with the information he

sought and a corrupt influence was therefore not a "natural and probable effect" of his action. *United States v. Aguilar*, 515 U.S. 593 (1995).

The indictment does not describe an offense. Neither has the proof established a prima facie case of a crime.

Count 3 should be dismissed.

Respectfully Submitted,

GEORGE JADUE
By Counsel

/s/
John C. Kiyonaga

108 N. Alfred Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 549-2988
E-mail: john@johnckiyonagaa.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on July 6, 2014, I ~~electronically filed~~ DELIVERED the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

/s/
John C. Kiyonaga