IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:13-cr-499 (AJT) |
| GEORGE MARK JADUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is *pro se* Defendant George Mark Jadue's Motion to Expunge Erroneous Federal Arrest Record, [Doc. No. 85] (the "Motion"), in which he asks the Court to expunge a federal arrest record from December 20, 2023 from the Federal Bureau of Investigation's Identity History Summary and all related federal databases. In support of the Motion, Defendant argues that he was never arrested, detained, or taken into custody for these charges as he was merely issued a summons to appear at Court following his indictment, [Doc. No. 5], after which he was released on bond pending trial, [Doc. No. 8]. After a six-day jury trial, the Court declared a mistrial on one count, [Doc. No. 75], after which the government dismissed the charges against Defendant. [Doc. No. 84].

Federal courts, such as this one, are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and this Court does not have any explicit jurisdiction to expunge criminal records. *See United States v. Mettetal*, 714 Fed. Appx. 230, 233 (4th Cir. 2017) (unpublished); *United States v. Mitchell*, 683 F. Supp. 2d 427, 427-28 (E.D. Va. 2010). The doctrine of ancillary jurisdiction can give a federal court jurisdiction over claims that are not independently justiciable in federal court but "incidental to other matters properly before

them," in two limited situations: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80 (citations omitted). Neither of these situations applies here, and the Court cannot invoke ancillary jurisdiction to expunge criminal records for purely equitable reasons. *Mettetal*, 714 Fed. Appx. at 234-35 (collecting cases); *see also United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) ("Expungement of a criminal record solely on equitable grounds . . . does not serve [the ancillary jurisdiction purposes articulated in *Kokkonen*]."). Accordingly, it is hereby

**ORDERED** that the Motion, [Doc. No. 85], be, and the same hereby is, **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record and to the *pro se* Defendant at his address of record.

July 9, 2025
Alexandria, Virginia

Anthony J. Trenga
Senior U.S. District Judge